**Steven DELGADO, Petitioner–Appellee,**

v.

**Bert RICE, Warden; Attorney General of the State of California, Respondents–Appellants.**

**No. 99–56781.**

United States Court of Appeals, Ninth Circuit.

Filed Jan. 3, 2001

Steven T. Oetting, Deputy Attorney General, San Diego, California, for the respondents-appellants.

Frederick L. McBride, Santa Ana, California, for the petitioner-appellee.

Before: T.G. NELSON, TASHIMA, and SILVERMAN, Circuit Judges.

## ORDER

Appellants have moved for certification of two state law questions, asking us to certify the following questions to the California Supreme Court:

May the California Attorney General appeal a plea bargain entered into between a defendant charged with murder and the Orange County District Attorney on the basis that the plea bargain was unauthorized under California Penal Code section 1192.7?

Is a plea bargain of a serious felony unauthorized under California Penal Code section 1192.7 where the district attorney failed to inform the trial court of a pending federal appeal that could resolve the merits of that case and where the district attorney justified the reasons for the bargain based on "problems of proof?"

Appellants seek certification under California Rule of Court 29.5, which authorizes this court to seek certification if, *inter alia*, the question may be determinative of a cause pending before this court and the decisions of the California appellate courts provide no controlling precedent. Appellants seek relief under the wrong rule; in fact, their motion seems aimed at circumventing the applicable rule and its requirements.

First, it seems evident that the determinative question being certified must be a question pending before this court which this court would be required to answer absent certification. That is not the case here. Rather, the precise questions on which appellants seek certification are currently pending before the California Court of Appeal, Fourth Appellate District, Division Three, in *People v. Steven Delgado*, No. GO27798. Thus, it is also evident that we soon (at least as soon as a certified question could be answered) will have controlling precedent from the California appellate courts on these questions. For these reasons, the questions proposed by appellants do not appear to be proper candidates for certification.

Appellants, moreover, have a more direct remedy—that is to petition the Supreme Court, under California Rule of Court 27.5, to transfer *People v. Delgado*, now pending in the Court of Appeal, to itself.[1] See *Brosnahan v. Brown*, 32 Cal.3d 236, 186 Cal.Rptr. 30, 651 P.2d 274, 276 (1982) (transferring case from Court of Appeal to Supreme Court under former rule). Inasmuch as a case involving the resolution of the questions sought to be certified, and in which the state (*i.e.*, appellants) is a party, is now pending in the California Court of Appeal, the principles of federalism alluded to by appellants counsel that how and by which state appellate court those state law issues are resolved should be left to the state appellate courts themselves without any unnecessary intrusion by this court.

Accordingly, appellants motion for certification of issue to the California Supreme Court is denied.

---

1. Appellants, of course, will have to make the showing required by the rule that *People v. Delgado* "presents issues of imperative public importance requiring prompt resolution by the Supreme Court, and justifying a departure from normal appellate processes." Cal. R. of Court 27.5(b).